Mr. Justice Gantt
delivered the opinion of the court.
The defendant has appealed in this case, on the ground that a non-suit ought to have been granted for defect of jurisdiction in the city court. But the reasoning of the Recorder, in relation to the acts of assembly of 1801 and 1818, giving jurisdiction to the city court, is conclusive to shew that there was no usurpation of jurisdiction. These acts are to be construed in pari materia. The act of 1818, extended the jurisdiction to cases not before cognizable in the city court, but was not designed to impair, in any manner, the extent of jurisdiction given by the act of 1801. — > Any person may institute an action against any inhabitant who resides within the city to the extent of the jurisdiction conferred; the right of the Recorder to sustain jurisdic *327 tion of this case, follows of course. For myself, I perfectly coincide too in the opinion expressed by the Recorder, that the cause of action in the case appealed from, did substantially, and I will add actually, arise within the limits of the city of Charleston. The order for the goods was drawn in Charleston; it is this order which creates the responsibility, and gives the right of action against the defendant. The delivery of the articles under the order to the agent of the defendant is, in law, the delivery of the articles under the order to the defendant himself. A bare delivery, without an authority to deliver, would create'nú cause of action. Had a bond been executed by the defendant, after receiving the goods in Charleston, and forwarded to the plaintiff, the bond would have become the cause of action, and having been executed in Charleston, would have been made there pursuant to the words of the act of 1801; and for such cause of action, could there be a doubt but that the plaintiff might have instituted an action in the city court ? In either case the delivery of the goods completes the contract, and the place from whence the overture is made, may be regarded as the place of contract; for all which is subsequently done by virtue thereof, rest upon, it as a foundation. The overture here was made in Charleston, acquiesced in by the plaintiff, and the goods delivered to the person making- it in Charleston. The 'cause of action of course arose in that place, and not elsewhere ; but whether I am correct herein or not, the act of 1801 confers upon the plaintiff the right of suing the defendant in the city court. The very able opinion of the Recorder, detailed in his report, would have saved me the necessity of doing more than declaring, as I how do, my concurrence in the opinion which he has expressed'.
The motion for anon-suit is refused.
Justices JVott, Johnson and Colcock, concurred.
■ Mr. Justice Richardson, dissented.